ᒑ

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CSX TRANSPORTATION, INC.,
    **Plaintiff**

    v.

2712 INVESTORS L.P., et al.
    **Defendants**

**and**

2712 INVESTORS, L.P.
    **Third Party Plaintiff**

    v.

RT ENVIRONMENTAL SERVICES, INC.,
HUNTING FOX ASSOCIATES VII, LP, and
MICHAEL O'NEILL
    **Third Party Defendants**

**Civil Action No. 14-7148**

FILED

MAY − 1 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION

**RUFE, J.**                                                                                    **April 29, 2015**

    Before the Court is a motion to dismiss the Amended Third Party Complaint filed by

Third Party Plaintiff 2712 Investors, L.P. The relevant claims allege tortious and contractual

breaches of the seller's duties to disclose to the buyer the presence of oil in a large oil tank, in the

context of a sale of land.

## I.    Background

    CSX Transportation, Inc. filed suit against defendants: 1) 2525 Investors, L.P.; 2)

Hunting Fox GP I, LLC; 3) 2712 Investors, L.P., and 4) Hunting Fox GP V, LLC. The Amended

Complaint indicates that the parties are of diverse citizenship, and the amount in controversy

satisfies the Court's jurisdictional limits. Accordingly, the Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

The Amended Complaint alleges that 2525 Investors owns real property at 2821 R Fox Street in Philadelphia, and 2712 Investors owns a property at 2712-36 Stokley Street in Philadelphia (collectively, the "Property"). Abandoned buildings and a 75,000 gallon oil storage tank are located on the Property. CSX owns adjoining land, which it uses for a freight rail line. On July 17, 2013, vandals trespassed on the vacant Property, and stole certain items, including pipes. As a result, approximately 40,000 gallons of oil were released from the oil tank. The oil leaked onto CSX's adjacent property, causing damage and contamination. CSX incurred $191,527.27 in abatement and remediation costs. CSX filed suit seeking indemnification of these costs from the Property's owners and their general partners, Hunting Fox I and Hunting Fox V. The Amended Complaint includes a claim under Pennsylvania's Storage Tank and Spill Prevention Act, 35 P.S. § 6021.101 *et seq.* (Count I), and three claims for negligence (specifically, negligence (Count II), negligence *per se* (Count III), and nuisance (Count IV)).

Pursuant to Federal Rule of Civil Procedure 14, Defendant 2712 Investors filed claims against Third Party Defendants RT Environmental,[1] Jason Dempsey, Hunting Fox VII, a limited partnership, and Michael O'Neill, who allegedly owned or was the general partner of Hunting Fox VII.[2] In the Amended Third Party Complaint, 2712 Investors alleges that it purchased the property at 2712-36 Stokley Street, on which the 75,000 gallon oil tank is situated, from Hunting

---

[1] The Amended Third Party Complaint alleges that Third Party Plaintiff retained RT Environmental Services to conduct a Phase I environmental assessment of the Property; the resulting environmental report did not disclose the existence of oil in the oil tank. RT Environmental Services, Inc. did not join in the motion to dismiss and has filed an answer.

[2] The Amended Third Party Complaint does not list Jason Dempsey as a defendant, nor does it assert any facts regarding his conduct, his representations, or any other basis for liability. Accordingly, he will be dismissed as a party to this suit without further discussion. In this opinion, the Court will use the term Third Party Defendants to mean O'Neill and Hunting Fox VII.

Fox VII. 2712 Investors alleges that Third Party Defendants failed to notify it that the oil tank contained oil. 2712 Investors asserts breach of contract claims and negligent and fraudulent misrepresentation claims against the Third Party Defendants, and seeks the remedies of indemnification and contribution. Third Party Defendants have filed a motion to dismiss for lack of subject-matter jurisdiction over the supplemental claims against them, and for failure to state a claim.

## II.    Discussion

1.    Supplemental Jurisdiction

Supplemental jurisdiction, pursuant to 28 USC §1367, permits a federal court to entertain a claim or claims over which it would have no independent basis of subject matter jurisdiction when then there is an underlying, jurisdiction-invoking, claim.[3] The statute reads, in relevant part:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts
> have original jurisdiction, the district courts shall have supplemental
> jurisdiction over all other claims that are so related to claims in the action
> within such original jurisdiction that they form part of the same case or
> controversy under Article III of the United States Constitution. Such
> supplemental jurisdiction shall include claims that involve the joinder or
> intervention of additional parties.
> **(b)** In any civil action of which the district courts have original jurisdiction
> founded solely on section 1332 of this title, the district courts shall not
> have supplemental jurisdiction under subsection (a) over claims by
> plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the
> Federal Rules of Civil Procedure, or over claims by persons proposed to
> be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene
> as plaintiffs under Rule 24 of such rules, when exercising supplemental
> jurisdiction over such claims would be inconsistent with the jurisdictional
> requirements of section 1332.[4]

---

[3] Wright & Miller, 13D Fed. Practice & Proc. Juris. § 3567.
[4] 28 U.S.C. § 1367.

Section 1367(a) allows supplemental jurisdiction only if the supplemental claim is so closely related to the jurisdiction-invoking claim as to be part of the same case and controversy.[5] Even if supplemental jurisdiction is proper under §1367(a), supplemental claims can only be heard by the federal court if jurisdiction is proper under §1367(b), where it applies.[6]

Third Party Defendants argue that § 1367(b) applies in this case, and that under 28 U.S.C. §1367(b), the Court cannot exercise supplemental jurisdiction over the third party claims here, where Third Party Plaintiff 2712 Investors and Third Party Defendants are all citizens of Pennsylvania. Contrary to Third Party Defendants' argument, however, § 1367(b) is not applicable to the facts before the Court. Section 1367(b) states that in a civil action in which the Court has original jurisdiction founded solely on § 1332 (as in this case), the Court shall not have jurisdiction over claims by *plaintiffs* against persons made parties under Rule 14, if exercising supplemental jurisdiction "would be inconsistent with the jurisdictional requirements of section 1332."[7] Here, it was a *defendant* that asserted supplemental claims, and so the § 1367(b) exception to supplemental jurisdiction is not applicable.[8] Thus, the Court may exercise supplemental jurisdiction over these claims if they satisfy § 1367(a), without regard to the fact that there is no independent basis for the Court to exercise jurisdiction over the claims.[9]

Third Party Defendants did not argue that the third party claims were not a part of the same case and controversy as Plaintiff's claims in its brief in support of its motion to dismiss. However, in their reply brief they did argue that the supplemental claims are not so closely

---

[5] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005).

[6] *Id.* at 559-60.

[7] 28 U.S.C. § 1367(b).

[8] *Developmental Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993).

[9] The Court notes that there is also complete diversity between CSX and Third Party Defendants.

related to the jurisdiction-invoking claim as to be part of the same case and controversy. This belated argument fails.

Under Rule 14 (a), a defendant may implead a third party who is or may be liable to the defendant for some or all of the plaintiff's claim against that defendant.[10] Joinder of a third party defendant is proper if the defendant, as third party plaintiff, presents some plausible theory of secondary liability upon which the third party can be liable to it. "Under the rule, a direct line of liability must be alleged to exist between the third-party plaintiff and the third-party defendant independent of that between the first party plaintiff and defendant."[11] The Supreme Court has reasoned that, where a defendant properly impleads a third-party defendant under Rule 14(a), such a claim is *always* ancillary to the jurisdiction-invoking claim, as the claims are logically dependent.[12] Therefore, if under Pennsylvania law regarding indemnity or contribution, the pleadings provide a substantive basis for the Third Party Defendants' liability to the Third Party Plaintiff, then the claims may proceed.

The seminal Pennsylvania case regarding indemnity is *Builders Supply Co. v. McCabe.*[13] In that case, the Pennsylvania Supreme Court explained that a defendant/third party plaintiff is entitled to indemnification from a third party defendant when its liability is secondary and does not arise from its own wrongdoing, but rather arises out of a relationship that legally compels the third party plaintiff to pay the original plaintiff for the act or omission of the third party

[10] Fed. R. Civ. P. 14.

[11] *Morris v. Lenihan,* 192 F.R.D. 484, 488 (E.D. Pa. 2000) (quoting *Lopez de Robinson v. United States,* 162 F.R.D. 256, 258 (D.P.R. 1995). A defendant may not implead a third party solely because the party may be liable to plaintiff. *Id.* at 488, n. 5.

[12] *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 376 (1978); *see also Anthony v. Small Tube Mft. Corp.*, No. 06-cv-4419, 2007 WL 2850609, at *11 (E.D. Pa. 2007) (third party plaintiff satisfies its burden to show subject matter jurisdiction by demonstrating that it has stated viable claims for indemnity and contribution against third party defendant).

[13] 77 A.2d 368 (Pa. 1951).

defendant.[14] Generally, in indemnity cases, the third party plaintiff and third party defendant are in privity of contract, as they are in this case. Here, Third Party Plaintiff 2712 Investors has alleged that any liability it has to CSX is secondary and does not arise from its own wrongdoing, as it was unaware of the presence of oil in the oil tank, and therefore it should be able to recover from Third Party Defendants, as they did not fulfill their duty to disclose the presence of oil on the property before selling it to Third Party Plaintiff. If Third Party Plaintiff has adequately pled that the Third Party Defendants breached a legal duty to disclose to it the presence of oil in the oil tank on the Property, it has asserted a plausible theory of secondary liability. The Court therefore turns to Third Party Defendant's argument that 2712 Investors has failed to state a claim upon which relief may be granted.

2.   Failure to State a Claim[15]

   a.   *Breach of Contract Claims*

2712 Investors acknowledges that O'Neill was not a signatory to the contract for sale of the relevant property, and concedes that the breach of contract claim as against O'Neill must be dismissed with prejudice.

Hunting Fox VII moves to dismiss the breach of contract claim against it, arguing that the contract itself contained a covenant not to sue Hunting Fox VII for any costs arising from or

---

[14] *Id.* at 370-71.

[15] Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).In determining whether a motion to dismiss should be granted the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at \*2 (E.D. Pa. Jan. 24, 2008).Something more than a mere *possibility* of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one." *Id.* at 562. Furthermore, courts are not bound to accept as true legal conclusions couched as factual allegations. *Id.* at 555, 564.

attributable to any environmental condition at the property.[16] 2712 Investors does not address this argument in its response to the motion to dismiss. Accordingly, the Court will dismiss the breach of contract claim against Hunting Fox VII also.

### b. *Negligent and Fraudulent Misrepresentation Claims*

Third Party Defendants also argue that the Court should dismiss the negligent and fraudulent misrepresentation claims against Hunting Fox VII as barred by the "gist of the action" doctrine. Specifically, they argue that in this case, the contract for sale of the property disclosed that hazardous substances were located on the property, and therefore, misrepresentation claims are barred as the subject matter of the alleged misrepresentation was addressed in the contract. The gist of the action doctrine bars claims when: 1) the claims arise solely from a contract between the parties; 2) the duties allegedly breached were created and grounded in the contract; 3) liability stems from the contract; 4) the tort claim duplicates a breach of contract claim; or 5) the success of a tort claim is wholly dependent upon the terms of a contract.[17]

2712 Investors does not allege the source of Hunting Fox VII's duty to disclose additional information about hazardous substances on the Property. Therefore, the Court cannot determine whether the misrepresentation claims against Hunting Fox VII are barred by the gist of the action doctrine. However, because contract for the sale of the Property discloses the possible presence of hazardous substances on the Property, and expressly states that the Purchaser will have an opportunity conduct an environmental inspection and may not rely on any

---

[16] Doc. No. 18, Exh. 1, Attachment G: RELEASE AND COVENANT NOT TO SUE (pursuant to which 2712 Investors agreed to release the sellers of the Property from any future liability "arising from or attributable to any environmental condition affecting, relating to or on, at or below the Property or affecting any building, structure, or improvement thereon, without regard to when the condition occurred or was discovered.").

[17] *Addie v. Kjaer*, 737 F.3d 854, 866 (3d Cir. 2013) (citing *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002).

representations by the seller as to the environmental conditions of the property,[18] the Third Party

Plaintiff must plead facts sufficient to permit a plausible inference that Hunting Fox VII owed an

additional, extra-contractual duty to expressly disclose the presence of oil in an oil tank on the

property. As 2712 Investors has not pled any facts permitting such an inference, the

misrepresentation claims against Hunting Fox VII will be dismissed for failure to state a claim.

As O'Neill is not alleged to have been a party to any contract, the misrepresentation

claims against him will not be dismissed as barred by the gist of the action doctrine. However,

the claim will be dismissed for failure to plead facts from which the Court could infer that

O'Neill himself had a duty to disclose additional information to Third Party Plaintiff, which he

breached.

Finally, the Court also notes that Third Party Plaintiff failed to allege fraudulent

misrepresentation with particularity, as required by Federal Rule of Civil Procedure 9(b). This

provides an additional basis for dismissing the fraudulent misrepresentation claims against Third

Party Defendants.

**III.    Conclusion**

For the reasons set forth herein, the Court dismisses Jason Dempsey as a party, with

prejudice. The Court also dismisses the breach of contract claim against O'Neill with prejudice,

as he was not a party to the contract.

The Court will dismiss the breach of contract claims against Hunting Fox VII, and the

negligent and fraudulent misrepresentation claims against both O'Neill and Hunting Fox VII

---

[18] Doc. No. 18, Exh. 1 ("9. **AS-IS SALE.** Seller acknowledges that, based on the 'Residential Remediation Report—Revision 1', dated as of June 1, 2006 and prepared by RT Environmental Services, Inc., hazardous substances are, or may have previously been, located on all or a portion of the Property. . . .Purchaser acknowledges that, prior to Closing, it and its representatives will have had an opportunity to inspect the Property to be familiar with the physical nature and condition thereof, including, without limitation, the financial and environmental condition of the Porperty, and that the Property will have been purchased by Purchaser in an "AS IS" and "WHERE IS" condition as a result of such inspections and not in reliance on any agreements, understandings, provisions, conditions, representations or warrantie made by Seller as to the environmental or other condition thereof. . .")

8

without prejudice and with leave to amend. However, any amended complaint must address both the land sale contract's disclosure of the presence of hazardous substances on the property, and the release and covenant not to sue contained in that land sale contract, in addition to addressing the other pleading deficits outlined above.