UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CSX Transportation, Inc.**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**2525 Investors, LP, Hunting Fox GP I, LLC, 2712 Investors, LP, Hunting Fox GP V, LLC, 2821 Investors, LP and Hunting Fox GP III, LLC**<br><br>      **Defendants.** | CASE NO: 2:14-cv-07148-CMR |
| **2525 Investors, LP**<br><br>      **Third-Party Plaintiff,**<br><br>    v.<br><br>**RT Environmental Services, Inc., Hunting Fox Associates VII, LP, Michael O'Neill, and Jason Dempsey**<br><br>      **Third-Party Defendants.** | |

## SECOND AMENDED COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Second Amended Complaint against defendants 2525 Investors, L.P., Hunting Fox GP I, LLC, 2712, L.P., Hunting Fox GP V, LLC, 2821 Investors, L.P. and Hunting Fox GP III, LLC pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and in support thereof, avers as follows:

### PARTIES

1. Plaintiff CSX Transportation, Inc., ("CSX"), is a corporation incorporated pursuant to the laws of Commonwealth of Virginia and has its principal place of business located in Jacksonville, Florida.

2.      Defendant 2525 Investors, L.P. ("2525 Investors"), is a Pennsylvania limited partnership that has its principal place of business located at 1900 Market Street, Suite 750, Philadelphia PA 19103. The general partner of 2525 Investors is Hunting Fox GP I, LLC. The sole limited partner of 2525 Investors is Dean Cafiero, who is a resident of the Commonwealth of Pennsylvania.

3.      Defendant Hunting Fox GP I, LLC ("Hunting Fox I") is a Delaware limited liability company that has its principal place of business located at 1900 Market Street, Suite 750, Philadelphia PA 19103. The sole member of Hunting Fox I is Dean Cafiero, who is a resident of the Commonwealth of Pennsylvania.

4.      Defendant 2712 Investors, L.P. ("2712 Investors"), is a Pennsylvania limited partnership that has its principal place of business located at 1900 Market Street, Suite 750, Philadelphia PA 19103. The general partner of 2712 Investors is Hunting Fox GP V, LLC. The sole limited partner of 2712 Investors is Dean Cafiero, who is a resident of the Commonwealth of Pennsylvania.

5.      Defendant Hunting Fox GP V, LLC ("Hunting Fox V") is a Delaware limited liability company that has its principal place of business located at 1900 Market Street, Suite 750, Philadelphia PA 19103. The sole member of Hunting Fox V is Dean Cafiero, who is a resident of the Commonwealth of Pennsylvania.

6.      Defendant, 2821 Investors, L.P. ("2821 Investors"), is a Pennsylvania limited partnership that has its principal place of business located at 1900 Market Street, Suite 750, Philadelphia PA 19103. The general partner of 2821 Investors is Hunting Fox GP III, LLC. The sole limited partner of 2821 Investors is Dean Cafiero, who is a resident of the Commonwealth of Pennsylvania.

7. Defendant Hunting Fox GP III, LLC ("Hunting Fox V"; collectively with 2525 Investors, 2712 Investors, Hunting Fox I, and 2821 Investors "Defendants") is a Delaware limited liability company that has its principal place of business located at 1900 Market Street, Suite 750, Philadelphia PA 19103. The sole member of Hunting Fox V is Dean Cafiero, who is a resident of the Commonwealth of Pennsylvania.

## JURISDICTION

8. Jurisdiction is based upon 28 U.S.C § 1332 as the plaintiff and all defendants are citizens of different states, and the amount at issue exceeds jurisdictional requirements.

## VENUE

9. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), because all defendants reside in this judicial district, and because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

10. 2525 Investors and/or 2821 Investors are the record owners of real property with a parcel address of 2821 R Fox Street in Philadelphia, PA.

11. 2712 Investors is the record owner of real property with a parcel address of 2712-36 Stokley Street in Philadelphia, PA, (together with parcel 2821 R Fox Street, the "Property").

12. CSX owns land which adjoins the Property for the purposes of interstate transportation of freight by rail.

13. At all times material to this complaint, abandoned buildings and an above-ground oil storage tank with a storage capacity of approximately 75,000 gallons (the "Tank") were situated on the Property.

14. On or about July 17, 2013, the Tank was filled with approximately 40,000 gallons of oil.

15. Upon information and belief, there had been numerous prior occasions where individuals would trespass onto or break into the Property for the purpose of stealing any item of value.

16. On or about July 17, 2013, several thousand gallons of oil were released from the Tank onto the Property.

17. Defendants' failure to monitor the condition, safety, or security of the Tank was the cause of the release.

18. The oil spilled over and leaked onto CSX's adjoining property, causing damage and contamination of the property, requiring CSX to take abatement and environmental remediation actions in accordance with governing law.

19. As a result of the release of the oil, CSX incurred approximately $191,527.27 in abatement and remediation costs.

20. As the general partner of 2525 Investors, Hunting Fox I is jointly and severally liable for any acts or omissions of 2525 Investors.

21. As the general partner of 2712 Investors, Hunting Fox V is jointly and severally liable for any acts or omissions of 2712 Investors.

22. As the general partner of 2821 Investors, Hunting Fox III is jointly and severally liable for any acts or omissions of 2821 Investors.

23. CSX has made a demand upon Defendants to reimburse CSX for the remediation costs it incurred as a result of the oil release, but Defendants have failed or refused to pay.

**COUNT I**
**Violation of and Liability under**
**Pennsylvania's Storage Tank and Spill Prevention Act**

24. CSX incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth at length.

25. The Tank located on the Property is subject to the requirements of Pennsylvania's Storage Tank and Spill Prevention Act, 35 P.S. § 6021.101 *et. seq.*, (the "Act").

26. The purpose of the Act is to provide remedies to prevent and abate the pollution caused by storage tanks, such as the Tank.

27. Compliance with the Act includes taking corrective action to abate and remedy releases and paying the cost of corrective action taken by third parties such as CSX.

28. The Act provides for a private right of action in any person having an interest which is affected and authorizes such persons to commence a civil action to compel any owner or operator of storage tanks to comply with the Act or any regulation promulgated pursuant to the Act.

29. Defendants owned and operated the Tank within the meaning of the Act, and were required to take corrective action to abate the release of oil from the Defendants' property, but failed to do so.

30. The Act also requires registration and periodic inspection of storage tanks, and forbids modification, operation, or removal from service all or part of a storage tank unless such action is authorized by the rules and regulations of the Department of Environmental Protection (DEP) or the person has obtained a permit from the DEP.

31. Regulations promulgated pursuant to the Act also require the owner of a storage tank, such as the Tank, to register the storage tank with the DEP, obtain a permit, and prohibits

placement of regulated substances into or use of the storage tank until such registration is complete and a permit is obtained.

33. In violation of the Act and its regulations, Defendants failed to register the Tank or obtain a permit for its operation.

33. In violation of the Act and its regulations, Defendants continued to operate or otherwise use the Tank despite failing to register it or obtain the proper permits.

34. In violation of the Act and its regulations, Defendants failed to take actions to abate or remediate the Tank's release of oil, or to compensate CSX for the corrective actions taken by CSX to abate and remediate the release.

35. Defendants are strictly liable to CSX under the Act for the contamination to CSX's property, which – upon information and belief – occurred within 2,500 feet of the Defendants' Tank.

36. CSX is entitled under the Act to recover from Defendants its remediation costs and the costs in assessing and investigating the release of oil from the Defendants' Tank.

37. CSX is also entitled under the Act to recover attorney's fees, costs of suit and expert witness fees with respect to an action brought under the Act.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc., demands judgment in its favor, jointly and severally against Defendants for an amount in excess of $191,527.27 together with interest, costs, damages for delay, attorneys' fees, and expenses and such other relief as the Court deems just and proper.

## COUNT II
### Negligence

38. CSX incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth at length.

39. As a property owner, Defendants owed a duty of care to neighboring property owners, such as CSX, to store their oil in a reasonably safe manner and to prevent the release of oil from the Tank.

40. As pleaded above, the Property had been subject to numerous prior incidents of trespassing, break-ins and thefts.

41. Defendants knew or should have known of these incidents.

42. Defendants also knew or should have known of the potential for additional similar incidents.

43. Despite the foreseeability of these acts, Defendants failed to take any precautions to prevent the damage to the oil tank, and resulting oil spill, from occurring.

44. Defendants breached their duty to CSX by failing to take precautions to deter or prevent such leaks, and failed to secure the Property's oil tank.

45. Defendants further breached their duty by failing to have the oil tank properly inspected, maintained and/or by failing to have the appropriate safe guards in place to prevent the release of oil from the Tank or to prevent any released oil from spreading to neighboring property such as CSX's property.

46. As a direct and proximate cause of the Defendants' breach of their duties, CSX was damaged in an amount not less than $191,527.27.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc., demands judgment in its favor, jointly and severally and against Defendants for an amount in excess of $191,527.27 together

with interest, costs, damages for delay, attorneys' fees, and expenses and such other relief as the Court deems just and proper.

## COUNT III
### Negligence Per Se

47.     CSX incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth at length.

48.     As set forth by the provisions of the Act and the regulations promulgated thereunder, Defendants, as property owners and owners of a storage tank, owed a duty of care to neighboring property owners, such as CSX, to store their oil in a reasonably safe manner.

49.     Defendants' acts and omissions constitute negligence *per se* in that Defendants failed to monitor, operate and/or use the Tank in accordance with the standard of care set forth by the governing statutes and regulations.

50.     Defendants' acts and omissions constitute negligence *per se* in that Defendants failed take any corrective actions in response to the release of oil or to compensate CSX for the costs CSX incurred in accordance with the governing statutes and regulations.

51.     As a direct and proximate cause of the Defendants' acts and omissions in violation of the governing rules and regulations, CSX was damaged in an amount not less than $191,527.27.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc., demands judgment in its favor, jointly and severally against Defendants for an amount in excess of $191,527.27 together with interest, costs, damages for delay, attorneys' fees, and expenses and such other relief as the Court deems just and proper.

## COUNT IV
### Nuisance

52. CSX incorporates all allegations set forth in the preceding paragraphs as if fully set forth herein.

53. The release and spread of oil from the Defendants' property onto CSX's property substantially interfered with CSX's right to use its property.

54. The presence of the oil on CSX's property was unreasonable and without CSX's permission.

55. The release and spread of the oil from Defendants' property to CSX's property was caused by the negligent acts and/or omissions of Defendants as listed above.

56. As a direct and proximate result, CSX was damaged in an amount not less than $191,527.27.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc., demands judgment in its favor, jointly and severally against Defendants for an amount in excess of $191,527.27 together with interest, costs, damages for delay, attorneys' fees, and expenses and such other relief as the Court deems just and proper.

**KEENAN COHEN & MERRICK P.C.**

By: s/ Eric C. Palombo
Christopher J. Merrick
Pa. ID. No. 208628
Eric C. Palombo
Pa. ID. No. 307005
cmerrick@freightlaw.net
epalombo@freightlaw.net
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110

Dated: November 4, 2015

*Attorneys for Plaintiff,*
*CSX Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2015, a true and correct copy of CSX Transportation, Inc.'s Second Amended Complaint was served via the Court's electronic filing system on the following:

>Jason Rabinovich
>Law Office of Jason Rabinovish, PLLC
>1700 Market St., Ste 1005
>Philadelphia, PA 19103
>
>Joseph Cagnoli
>Segal Mccambridge Singer & Mahoney
>1818 Market Street, Suite 2600
>Philadelphia, PA 19103

By: s/ Eric C. Palombo
Eric C . Palombo